FILED

2010 NOV -1  AM 10: 11

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

FATIMA ABASSI, CATHERINE BLOOM, THOMAS GREGG, STEPHEN LUKER, TERRY MOHN, DUANE PEARSON, MARK STORER, ALLEN ZWAN,

                                    Plaintiffs,

        vs.

BAE SYSTEMS INFORMATION AND ELECTRONIC SYSTEMS INTEGRATION, BAE SYSTEMS INFORMATION SOLUTIONS,

                                    Defendants.

CASE NO. 10cv1745 BEN (AJB)

**ORDER DENYING MOTION TO STAY**

## INTRODUCTION

Defendants BAE Systems Information and Electronic Systems Integration, Inc. and BAE Systems Information Solutions, Inc. have moved to stay all proceedings in this case until another court rules on a pending motion to dismiss in a similar action in the District of New Hampshire. Plaintiffs oppose staying the case. For the reasons set forth below, the motion to stay is **DENIED**.

## BACKGROUND

Plaintiff are former employees of Defendants, recruited and hired to work on a particular initiative. Plaintiffs allege they were promised they would: receive incentive compensation based on initiative revenues; have five to seven years of program support; and only be terminated for poor performance. Approximately a year into the initiative, Defendants shut down the initiative and terminated Plaintiffs.

1    Plaintiffs notified Defendants of the claims Plaintiffs intended to raise.  Defendants requested

2    a settlement demand.  Plaintiffs complied and gave Defendants until June 4, 2010 to respond to the

3    requested settlement demand.  Rather than respond, Defendants filed a case in the District of New

4    Hampshire seeking a declaration that Plaintiffs were at-will employees and had been paid all

5    compensation to which they were entitled.

6    Plaintiffs filed this action in the Superior Court of California for the County of San Diego on

7    July 19, 2010.  Defendants removed the action to this court based on diversity on August 20, 2010.[1]

8    Defendants' motion seeks to stay all proceedings in the case pending a decision on Plaintiffs' motion

9    to dismiss in the New Hampshire case.

10                                          **DISCUSSION**

11    The trial court has inherent authority to control its own docket and calendar, including the

12    issuance of a stay when appropriate. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). The

13    competing interests that a district court must weigh in deciding whether to grant a stay include (1)

14    "possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which

15    a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured

16    in terms of the simplifying or complicating of issues, proof, and questions of law which could be

17    expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (*citing Landis*,

18    299 U.S. at 254-55).  Defendants bear the burden of establishing the need for the stay. *Clinton v.*

19    *Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

20    **A.    Damage in Granting Stay**

21    If Plaintiffs can show a "fair possibility" that the stay will damage Plaintiffs, Defendants must

22    demonstrate hardship or inequity to Defendants in moving forward with the case.  *Dependable*

23    *Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis*, 299

24    U.S. at 255).  Plaintiffs have demonstrated that they may suffer damage if the stay is granted.  Several

25    witnesses with information relevant to this case are third parties outside the control of Plaintiffs and

26    Defendants.   Significant delay in initiating discovery may result in faded memories and lost

27    _____

28    [1]Six of the eight Plaintiffs are residents of California.  The other two are residents of Colorado and Arizona. Defendants' notice of removal indicates that Defendants are residents of New Hampshire and Virginia.

- 2 -                                                    10cv1745

1   documents.  Additionally, some of the Plaintiffs are still unemployed as a result of Defendants'

2   termination and are not in a position to withstand significant delay in this litigation.

3       **B.      Hardship to Defendants**

4           Defendants have not met their burden.  Defendants seek a potentially lengthy stay and have not

5   demonstrated hardship or inequity if the stay is not granted.  "If a stay is especially long or its term is

6   indefinite, we require a greater showing to justify it." *Young v. I.N.S.,* 208 F.3d 1116, 1119 (9th Cir.

7   2000) (reversing stay imposed until the resolution of an appeal that might be lengthy); *Leyva v.*

8   *Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted

9   unless it appears likely the other proceedings will be concluded within a reasonable time in relation

10   to the urgency of the claims presented to the court.")

11           Defendants have not shown hardship or inequity.  Defendants only point to the unnecessary

12   financial burden of developing and litigating the same issues in different forums.  But "being required

13   to defend a suit . . . does not constitute a 'clear case of hardship or inequity' within the meaning of

14   *Landis. Dependable Highway Express, Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir.

15   2007) (quoting *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1112 (9th Cir. 2005)).  Being denied the

16   possibility of greater efficiency is not a sufficient hardship or inequity to justify staying this case

17   indefinitely.

18       **C.      Orderly Course of Justice**

19           Defendants speculate about a risk of inconsistent judgments if this case is not stayed and the

20   potential for judicial efficiency if it is stayed.  If the two cases were to both proceed on similar tracks,

21   there might be a possibility of inconsistent judgments at some point.  However, such an outcome is

22   not likely at this stage of the proceedings.  Plaintiffs' motion to dismiss or transfer venue in the New

23   Hampshire case is based primarily on a lack of personal jurisdiction over Plaintiffs (Defendants in that

24   action).  Personal jurisdiction over Plaintiffs is not an issue in this case.

25           As to judicial economy, delaying the progression of this case indefinitely simply leaves a case

26   pending without any progression on the issues relevant to resolving the case.  Any efficiency gained

27   in case management is not sufficient to justify an indefinite stay. *Dependable Highway,* 498 F.3d at

28   1066 (citing *Lockyer,* 398 F.3d at 1112 and finding that "while it is the prerogative of the district court

1  to manage its workload, case management, standing alone is not necessarily sufficient ground to stay

2  proceedings.").

3  <center>**CONCLUSION**</center>

4  Defendants' request for a stay of all proceedings in this case is **DENIED**.  Defendants shall

5  file answers to the Complaint on or before November 12, 2010.

6

7  **IT IS SO ORDERED.**

8

9  DATED: _____

10                                          Hon. Roger T. Benitez
                                            United States District Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<center>- 4 -</center>