UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA ABASSI, CATHERINE BLOOM, THOMAS GREGG, STEPHEN LUKER, TERRY MOHN, DUANE PEARSON, MARK STORER, ALLEN ZWAN,<br><br>Plaintiffs,<br>vs.<br>BAE SYSTEMS INFORMATION AND ELECTRONIC SYSTEMS INTEGRATION, BAE SYSTEMS INFORMATION SOLUTIONS,<br><br>Defendants. | CASE NO. 10cv1745 BEN (AJB)<br><br>**ORDER DENYING MOTION TO DISQUALIFY COUNSEL** |

### INTRODUCTION

Defendants BAE Systems Information and Electronic Systems Integration, Inc. and BAE Systems Information Solutions, Inc. have moved to disqualify Plaintiffs' counsel on the basis of a purported conflict of interest among the Plaintiffs. Plaintiffs are opposed. For the reasons set forth below, the motion to disqualify Plaintiffs' counsel is **DENIED**.

### BACKGROUND

Plaintiffs are former employees of Defendants, recruited and hired to work on a particular initiative. Plaintiffs allege they were promised they would: receive incentive compensation based on initiative revenues; have five to seven years of program support; and only be terminated for poor performance. Approximately a year into the initiative, Defendants shut down the initiative and terminated Plaintiffs.

Plaintiffs' counsel represents all the Plaintiffs in this action, including the Vice President and General Manager of the initiative, Mark Storer. Plaintiffs allege that BAE executive Larrie Cable made promises to Storer concerning the length of the project and compensation. Based on these promises, Storer recruited the other Plaintiffs to join the project. Plaintiffs further allege that Cable reiterated these assurances to the Plaintiff over a six month period. The project was then abruptly terminated a few months later. Defendants recently filed a counterclaim against Plaintiff Storer for indemnity based on representations he made to the other Plaintiffs.

Defendants argue that the joint representation of Plaintiff Storer and the other Plaintiffs results in a conflict of interest in violation of the California Rules of Professional Conduct 3-310. However, each Plaintiff has executed initial written conflict waivers and supplemental conflict waivers consenting to joint representation.

## DISCUSSION

Defendants move to disqualify Plaintiffs' counsel because of an alleged conflict of interest between Plaintiff Storer and the other Plaintiffs. In addition to other arguments, Plaintiffs argue in opposition that Defendants do not have standing to move for disqualification. Because the Court agrees that Defendants do not have standing to move to disqualify Plaintiffs' counsel, the Court need not reach Plaintiffs' additional arguments.

Disqualification motions are strongly disfavored and "should be subjected to 'particularly strict judicial scrutiny'" because they may be misused for tactical purposes, including harassing opposing counsel and delaying litigation. *Optyl Eyewear Fashion International, Corp. v. Style Companies, Inc.*, 760 F.2d 1045, 1050 (9th Cir. 1985); *Shurance v. Planning Control International, Inc.*, 839 F.2d 1347, 1349 (9th Cir. 1988); *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (C.D. Cal. 2003).

Plaintiffs argue that Defendants lack standing to seek disqualification of Plaintiffs' counsel based on an alleged conflict of interest. "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) (quoting *United States v. Rogers*, 9 F.3d 1025, 1031 (2nd Cir.

1993)). Here, none of the Plaintiffs have moved to disqualify their counsel; rather, all Plaintiffs have consented to the joint representation. Accordingly, the Court must determine whether *Defendants* have standing to move to disqualify opposing counsel.

Beyond the general rule cited above, the Ninth Circuit has not directly addressed this question, but "[t]he majority view is that only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current or former client." *Colyer v. Smith*, 50 F. Supp. 2d 966, 969, 971 (C.D. Cal. 1999) (citing *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83 (5th Cir. 1976)). Generally, only the client will have a sufficient personal stake in a conflict of interest to meet the demands of Article III standing. *Id.* at 971.

A number of district courts have recognized an exception to this general rule, finding a non-client may have standing to move for disqualification if "the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of its claims." *Id.* at 971-72 (discussing *In re Appeal of Infotechnolgy, Inc.*, 582 A.2d 215, 221 (Del. 1990) (applying Delaware rules of professional conduct)); *Simonca v. Mukasey*, No. CIV S-08-1453, 2008 WL 5113757, at *3 (E.D. Cal Nov. 25, 2008). But, the exception is reserved for an ethical breach that is so "manifest and glaring" that it "obstructs the orderly administration of justice." *Coyler*, 50 F. Supp. 2d at 972.

Assuming, without deciding, this exception applies, Defendants have not identified an ethical breach infecting the litigation to the detriment of Defendants' claims. Defendants argue that Plaintiff Storer might not be encouraged to minimize the extent of his representations to the other Plaintiffs — potentially beneficial to his defense to Defendants' indemnity claim — because he is represented by the same counsel as the other Plaintiffs. Additionally, Defendants argue that they may be unable to have direct confidential negotiations with Plaintiff Storer because he is represented by the same counsel as the other Plaintiffs. Defendants further speculate that the other Plaintiffs might want to pursue a claim against Plaintiff Storer.

To the extent these circumstances create an actual or potential conflict of interest in violation of California Rule of Professional Conduct 3-310, counsel's joint representation is not prohibited because Plaintiffs' counsel has obtained "the informed written consent of each client." Rule 3-310

prohibits representation where there is a potential or actual conflict, but only "*without* the informed written consent of each client." Rule 3-310(C)(2) (emphasis added). Plaintiff's counsel has obtained the informed written consent of each Plaintiff.

Nor is the alleged conflict non-waivable as Defendants claim. Defendants rely on *Klemm v. Superior Court*, 75 Cal. App. 3d 893 (5th Dist. 1977) and *Gong v. RFG Oil, Inc.*, 166 Cal. App. 4th 209 (4th Dist. 2008) in arguing that when an actual conflict exists, it cannot be waived, and counsel must be disqualified. Not only does this conflict with Rule 3-310(C)'s provision allowing for informed written consent in the case of an actual conflict of interest, but *Klemm* and *Gong* do not stand for this general proposition. The court in *Klemm* noted that written consent would not suffice when "there is an actual, present, existing conflict and the discharge of duty to one client conflicts with the duty to another," but went on to find that informed consent would be sufficient when the conflict is potential. *Klemm*, 75 Cal. App. 3d at 898-99. As to *Gong*, the Court found a client could not waive a conflict of interest between himself and his corporation on behalf of both himself and the corporation. *Gong*, 166 Cal. App. 4th at 422. Similar circumstance are not presented here.

Additionally, any conflict is not infecting the litigation such that Defendants are being denied a just and lawful determination of their claims as necessary to give Defendants standing to move to disqualify Plaintiffs' chosen counsel.

## CONCLUSION

Defendants' motion to disqualify Plaintiffs' counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 7, 2011

Hon. Roger T. Benitez
United States District Court